IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

|   |   |
|---|---|
| In re GERARDO GARCIA RODRIGUEZ, § | CIVIL ACTION NO. L-09-63 |
| Debtor/Appellant. § | BANKRUPTCY NO. 08-50183 |

## MEMORANDUM OPINION

This case is an appeal from the Bankruptcy Court's written reprimand of Attorney Edward P. Fahey, Jr., for his failure to sign Appellant's first bankruptcy petition.  Oddly, the appeal is submitted in the name of Mr. Fahey's client, Mr. Gerardo Garcia Rodriguez.  Appellant complains of the Bankruptcy Court's Order of August 18, 2008, titled Written Reprimand and Admonition of Debtor's Counsel/Referral to State Bar of Texas ("the Reprimand and Referral") (Dkt. 2-7, Bankr. Dkt. 20). (Dkt. 1-1, Notice of Appeal.)

## I. BACKGROUND

Bankruptcy petitions not signed by counsel are subject to dismissal under Rule 9011(a), Fed. R. Bankr. P.  Appellant admits that Fahey did not sign Appellant's first petition filed June 23, 2008.  (Dkt. 4, Appellant's Br. 1.)  On July 1, 2008, the Bankruptcy Court ordered a hearing "to determine whether sanctions are appropriate for violation of [Rule] 9011 and

whether the case should be dismissed for failure to file the petition correctly." (Dkt. 2-4, Bankr. Dkt. 2, Order Setting Hrg.) The hearing occurred on August 14, 2008. The record submitted by Appellant contains no evidence of what occurred at the hearing. On August 18, 2008, the Bankruptcy Court issued the Reprimand and Referral from which Appellant appeals. (Dkt. 2-7, Bankr. Dkt. 20, Reprimand and Referral.)

The Reprimand and Referral has three sections, titled "Reprimand," "Admonition and Warning," and "Report of Professional Misconduct." The "Reprimand" section begins with these remarks:

> Edward Fahey, Debtor's counsel, did not sign the bankruptcy petition that he filed in this case until the Court issued an order for a hearing on dismissal and on imposition of sanctions. The same facts apply to case number 08-50184.
> By itself, failure to sign a petition is not terribly significant. Mistakes happen. However, the instant failure follows a number of cautions that the Court has previously issued to Debtor's counsel.

(Id. at 1.) The Bankruptcy Court then recounts numerous incidents of Fahey's misconduct in other cases, including several instances in which petitions were ultimately dismissed for facial deficiencies or failure to pay the filing fee. (Id. at 2-3.) The "Reprimand" section concludes: "The Court has previously cautioned Mr. Fahey about negligent and incompetent professional work. This time, Mr. Fahey is reprimanded." (Id.

at 3.)  The Court did not impose monetary sanctions or any other punitive measure as a consequence of this reprimand.

In the "Admonition and Warning" section, the Bankruptcy Court warned Fahey that continued misconduct would prompt the Court to recommend to the Court's Chief District Judge that Fahey be barred from practicing before the Bankruptcy Court. The Court also warned that it may take action under 11 U.S.C. § 526 to enjoin Fahey from violating the provisions of that section.  The "Report of Professional Misconduct" section states that the Bankruptcy Court would forward a copy of the Reprimand and Referral to "to the State Bar of Texas for any action it considers appropriate."  (Id. at 3.)

## II. DISCUSSION

28 U.S.C. § 158 confers jurisdiction on this Court to hear appeals from "orders and decrees" of the Bankruptcy Court.  The only part of the Reprimand and Referral that is appealable is the formal reprimand appearing at the end of the "Reprimand" section (Reprimand and Referral 2).  Nothing else in the Reprimand and Referral constitutes a Court-imposed sanction from which to appeal.  The "Admonition and Warning" does nothing more than advise Fahey that he may face certain sanctions in the future.  The "Report of Professional Misconduct" informed Fahey that the Bankruptcy Court would send the Reprimand and Referral to the Texas State Bar.  Assuming that was done, it did not

amount to a Court-ordered sanction. The Bankruptcy Court's orders are public matters which any government officer or private citizen is free to call to the attention of anyone. The Bankruptcy Court's prerogative to send a copy of a public document to the State Bar does not depend on its power to impose sanctions on counsel appearing in cases before it. This Court does not have authority to review the Bankruptcy Court's decision to exercise that prerogative merely because its intentions were memorialized in an order. Even if this Court were empowered to review that decision, it is doubtful there would be any means of redressing an error if one were found.

The Court's formal reprimand is appealable. A written reprimand, even if not attended by any other sanctions, constitutes a sanction from which a litigant may seek vacatur on appeal. Cf. Walker v. City of Mesquite, 129 F.3d 831, 832-33 (5th Cir. 1997) (holding that under 28 U.S.C. § 1291 the Courts of Appeal have jurisdiction to hear an appeal of a district court's memorandum opinion issuing reprimands without further sanctions). The appeal is not mooted by the absence of monetary sanctions. See Fleming & Associates v. Newby & Tittle, 529 F.3d 631, 640, 640 n.4 (5th Cir. 2008) (although parties settled their dispute concerning the monetary portion of a district court's sanctions order, the remaining non-monetary sanction was

nonetheless "appealable for its residual reputational effects on the attorney") (citing Walker, 129 F.3d at 832-33).

Appellant states that the single issue on appeal is "[w]hether the bankruptcy court abused its discretion by imposing sanctions on [Fahey], without adequate notice and opportunity to be heard." (Dkt. 2-1, Appellant's Designation of Matters in Record.) Specifically, Appellant asserts that the Court violated Fahey's due process rights by sanctioning him for acts and omissions in other cases without giving him reasonable notice that he would have to defend that conduct at the August 14 hearing. Appellant concedes that Fahey had adequate notice that the hearing would address his failure to sign the petition in his case. (Appellant's Br. 5-6.)

The Court rejects the suggestion that the Bankruptcy Court sanctioned Fahey for anything other than his failure to sign Appellant's petition. The Court construes the Reprimand and Referral's recitation of Fahey's misconduct in other cases as background to put the violation in context. Thus, the Bankruptcy Court indicated, properly so, that it would not have regarded one isolated failure to sign a petition as meriting a written reprimand. The purpose of sanctions is to deter misconduct, and a court's choice of sanctions is governed by the basic principle that the least severe sanction adequate to serve that purpose should be imposed. Thomas, 836 F.2d at 878.

Mindful of that principle, the Bankruptcy Court was unwilling to subject Fahey to even the most modest of sanctions without thoroughly explaining the background of its conclusion that a reprimand was necessary to deter future misconduct. Appellant urges that this background was sprung on Fahey, who had been lead into a "carefully crafted trap" (Appellant's Br. 7), but this Court views the explanation as reflecting a scrupulous attention on the part of the Bankruptcy Court to the limits of its own powers. The Court finds that Fahey was sanctioned solely for his failure to sign the petition, and no due process violation occurred by the review of Fahey's past transgressions.

As perhaps a subset of his sole appellate issue, Appellant argues that, if the sanction was imposed solely for Fahey's failure to sign the petition, the Bankruptcy Court acted in excess of its authority under Rule 9011(a), which Appellant interprets as "not admit[ing] of any sanction, except for the striking of the petition." (Id. at 5-6.) Rule 9011(a) reads:

> (a) Signature. Every petition . . . shall be signed by at least one attorney of record in the attorney's individual name. A party who is not represented by an attorney shall sign all papers. Each paper shall state the signer's address and telephone number, if any. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

Appellant asserts that "[b]y its plain language, Rule 9011(a) provides for only one type of sanction: striking the petition."

(Appellant's Br. 3.) In Appellant's view, Fahey insulated himself from any form of sanction for failing to sign the first petition by promptly filing a new petition that bore his signature. Rule 9011(a) contains no language explicitly limiting the Bankruptcy Court's power to sanction an attorney who files an unsigned petition. Indeed, § 9011(a)'s final sentence <u>requires</u> the Court to sanction the attorney by striking the petition, though that requirement is relaxed if the omission is promptly corrected. The Court finds no support for Appellant's argument that Rule 9011(a) prevents a bankruptcy court from imposing any sanction on an attorney who has promptly corrected an unsigned petition.

The Bankruptcy Court's Reprimand of Appellant's Attorney (Bankr. Dkt. 20) is AFFIRMED.

DONE at Laredo, TX, this 7th day of April, 2010.

_____
George P. Kazen
Senior United States District Judge